**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**
**BANKRUPTCY DIVISION**

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| SANITAS PARTNERS VI, LLC, | ) | CASE NO.  1:16-BK-10005 |
| | ) | |
| | ) | Chapter 7 |
| | ) | |
| _____ ) | | Judge Mary F. Walrath |

Hearing Date: October 5, 2017
Objection Deadline:  September 28, 2017

**CHAPTER 7 TRUSTEE'S MOTION FOR HEARING AND ORDER APPROVING THE SALE BY AUCTION OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. 105 AND 363, FED. R. BANKR. P. 6004 AND LBR 6004-1, AND FED. R. BANKR. P. 9006**

Adam Hoover (the "Trustee"), Chapter 7 Trustee for the estate of PWKH, Inc. (the "Debtor"), hereby requests a hearing and the entry of an Order (i) authorizing procedures for sales of the Debtor's assets; (ii) approving sales of the Debtor's assets free and clear of all liens, claims, interests and encumbrances; and (iii) approving the form of notice of sale of assets pursuant to 11 U.S.C. §§ 105 and 363, Fed.R.Bankr.P. 6004 and L.B.R. 6004-1, Fed.R.Bankr.P. 9006 (the "Motion"). In support of the Motion, the Trustee respectfully states as follows:

JURISDICTION AND VENUE

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This natter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).

Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicate for the relief sought herein is 11 U.S.C. 105(a) and 363 and Rule 6004 of the Fed.R.Bankr.P. 6004 and L.B.R. 6004-1, and Fed. R.Bankr.P. 9006.

## BACKGROUND

1. On June 13, 2016, Petitioning Creditors filed an involuntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On May 30, 2017, Adam Hoover was appointed as the Chapter 11 Trustee.

3. On August 7, 2017, this Honorable Court Ordered the matter converted to Chapter 7 of the Bankruptcy Code.

4. On August 9, 2017, Adam Hoover was appointed as the Chapter 7 Trustee.

## DEBTORS' PROPERTY

Debtor is the owner of equipment and a vehicle, specifically:

- 1999 Mack CH613 Tractor
- Mack Walking Floor Trailer
- 2004 Reburbished Power Screen
- Kobelco Excavator
- Kobelco Forklift
- Bale Clamp
- Rake (attachment) for 973
- 2010 Dodge Dakota

( the "Assets").

## SALE OF THE ASSETS

The Trustee proposes to sell the Asset(s) for the highest and best offers received, taking into consideration the exigencies and circumstances.

Therefore, the Trustee proposes to sell (the "Sales") the Asset(s) in accordance with the following procedures (the "Sale Procedures"):

(a) For every Sale, the Trustee will notify (the "Sale Notice") (i) all entities known to the Trustee to have asserted any lien, claim, interest (as those terms are defined in the Bankruptcy Code) or other obligation in or upon the Asset(s) that are the subject of the particular Sale; (ii) the Office of the United

States Trustee; (iii) all parties who have expressed an interest in purchasing such Asset(s); and (vii) all parties required to receive notice in this case pursuant to Fed. R. Bankr. P. 2002 (collectively, the "Sale Notice Parties").  Such Sale Notice will contain a general description of the Asset(s) to be sold; and the date, time and location of the Auction (the "Sale Notice Contents"), all as set forth in the form Sale Notice attached hereto and incorporated herein as Exhibit "A."

(b)     The Sale Notice shall be served on the Sale Notice Parties and shall state that any party may object (the "Objection"), in writing, to the Sale by the Objection Deadline ("Objection Deadline").  The Objection must be filed with the Court and served on the Office of the United States Trustee, the Trustee, and counsel for the Trustee.  If none of the Sale Notice Parties receiving notice objects by the Objection Deadline, the Trustee may immediately consummate the transaction, including making any disclosed payments to third-party brokers or auctioneers. If an Objection is received within such period that cannot be resolved among the parties, such Asset(s) will not be sold except upon further Order of the Court after notice and a hearing.

(c)     The auction shall be in accordance with the normal business practices and procedures of such auctioneer, as set forth in the retention application for such auctioneer filed with the Court.

(d)     Within five (5) calendar days of consummation of any Sales, the Trustee shall file an itemized report of the Sale (the "Report of Sale") with the Court, which will detail the Asset(s) sold, the sale price and the expenses associated with the Sale.

(e)     All buyers of Asset(s) sold by the Trustee pursuant the Sale Procedures will purchase such Asset(s) "as is, where is," without any

representations or warranties from the Trustee as to the quality or fitness of such assets for either their intended or any particular purpose.

## RELIEF REQUESTED

By and through this Motion, the Trustee requests entry of an Order, in the proposed form filed herewith, (1) authorizing the Sale Procedures for the Sales of Asset(s); (ii) approving the Sales of Asset(s); and (iii) approving the form of Sale Notice attached hereto as Exhibit "B".

## BASIS FOR RELIEF REQUESTED

The Trustee submits that the Sales of the Asset(s) are necessary to maximize the value of the Debtor's estate. As set forth above, the Trustee has developed the Sale Procedures and believes that the procedures proposed streamline the liquidation of the Asset(s), maximize the value of the Asset(s) for the benefit of the Debtors' stakeholders and minimize administrative costs Associated with such a liquidation.

A. The proposed Sales are in the best interests of the Debtor's creditors and the estate.

Section 363(b)(1) of the Bankruptcy Code provides that the trustee, after notice and a hearing, "may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. 363(b)(1). Moreover, Section 105 of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. 105(a).

Courts within the Third Circuit applying Section 363(b) have held that transactions should be approved under Section 363(b) of the Bankruptcy Code when they are supported by the sound business judgment of the trustee. See In re Martin, 91 F.3d 389, 395 (3d Cir. 1986); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 176 (D. Del, 1991) (holding that transactions should be approved under

Section 363(b)(1) when: (a) they are supported by the sound business judgment of the debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); In re Phoenix Steel Corp., 82 B.R. 334, 335 (Bankr. D. Del, 1987).

(B)   The Trustee Has Exercised Sound Business Judgment

Courts have uniformly held that approval of a proposed sale of property pursuant to Section 363(b) of the Bankruptcy Code is appropriate if a court finds that the transaction represents a reasonable business judgment on the part of the debtor. See Committee of Equity Security Holders v. Lionel Corn., 722 F.2d 1063 (2d Cir. 1983); Stephens Industries, Inc. v. McClung, 789 F.2d 386, 391 (6th Cir. 1986); In re Ionosphere Clubs, Inc., 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); In re Phoenix Steel Corp., 82 B.R. 334, 335 (Bankr. D. Del, 1987); In re Delaware & Illludson Ry. Co., 124 B.R. 169, 176 (Bankr. D. Del. 1991). In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D, Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. See Lionel, 722 F.2d at 1071.

The Trustee believes that the proposed Sales and the Sale Procedures represent a prudent and proper exercise of business judgment and is in the best interests of the creditors of the Debtors' estate.  The Sales and Sales Procedures provide the Trustee with the opportunity to conduct and consummate Sales of the Assets in an orderly, efficient and lower cost manner.  If the Trustee was required to file a motion on thirty five (35) days notice every time an item of property was sold, the estate would be mired in court filings and administrative costs would soar - to the detriment of the Debtors' estate and its creditors. Furthermore, the appeal of the Assets to potential buyers is such that, if they are interested in

purchasing an Asset, they want to obtain possession immediately and not have such purchase and possession subject to court order that could only be obtained in a minimum of over one month.

Furthermore, the Court's own General Court Procedures governing asset sales contemplates that a trustee may obtain approval of procedures for sales of assets where it is not for substantially all of a debtor's assets. See GPC #9, E.2. The Assets consists of only one type of' asset - real property. In addition, as concerns the Sale Procedures, similar types of relief are routinely granted in other cases in the Third Circuit and around the country.  See In re Fleming Cos., Inc., Case No. 03-10945 (M 1,-W) (Bankr. D. Del. May 21, 2003); In re Ameriserve Food Distr. Inc, Case No. 00-0358 (PJW) (Bankr. D.Del. June 2, 2000); In re Federal-Mogul Global, Inc., T&N United, 01-10578 (Bankr. D.Del. February 11, 2002); In re Worlddcom, Inc., Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. October 22, 2002); In re Kmart Corp,, Case No. 02B02474 (Bankr. N.D.Ill. August 29, 2002); In re Exide Technologies, Case N0. 02-11125 (KJC) (Bankr. D.Del. May 10, 2002).

(C)    Notice of the Sale Is Adequate

First, as indicated by the certificate of service filed with this Motion, the Trustee has provided notice of the Motion to (i) the Office of the United States Trustee; (ii) all entities known to the Trustee to have asserted any lien, claim, interest (as those terms are defined in the Bankruptcy Code) or other obligation in or upon the Assets that may be the subject of any particular Sale; and (iii) those parties requesting notice pursuant to Rule 2002.

Second, as set forth in the Sale Procedures, the Sale Notice is to be served on the Sale Notice Parties, which represents the universe of entities that may have an interest in the Sales.

Third, the Sale Notice complies with this Court's General Court Procedures regarding contents of notices of sale. See GCP #9.F.4. Accordingly, the Trustee submits that such notice is sufficient and appropriate under the circumstances.

The Trustee submits that the good faith requirement is fulfilled for the same reasons set forth above with respect to Sale prices. If any party disputes the good faith of a buyer of any Asset, then such party may object to the Sale Notice proposing the Sale of such Assets. Otherwise, the Trustee submits that any purchaser of an Asset should be entitled to be treated as a good faith purchaser under Section 363(m).

(D)     The Agreement should be approved pursuant to § 363(f) of the Bankruptcy Code.

Section 363(f) of the Bankruptcy Code permits the Trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, subject to the rights and defenses of the Debtors with respect thereto. As Bankruptcy Code Section 363(f) is stated in the disjunctive, when proceeding pursuant to Section 363(b), it is only necessary to meet one of the five conditions of Section 363(1). To the extent that there are interests that may be asserted against the Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied. The Trustee is aware of liens and interests in the Assets. To the extent that these entities holding liens or interests in the Assets being sold, the Sale Procedures provide that such entities will receive adequate notice of the Sales. Furthermore, to the extent any liens or interests exist, they will attach to the proceeds from the Sales with the same force and effect as such liens and interests previously had on the Assets, subject to the rights and defenses of the Trustee with respect thereto.

(G)     Fed. R. Bankr. P. 6004(h) Waiver

Finally, out of an abundance of caution, the Trustee requests that the Court waive the requirements under Bankruptcy Rule 6004(h), so that any immediate Sales authorized

hereunder may close immediately rather than being subject to the ten (10) day waiting period outlined in Rule 6004(h).

## CONCLUSION

Based on the foregoing, the Trustee submits that the Sales and the Sales Procedures are a prudent exercise of his business judgment under the circumstances and is in the best interests of the Debtors' estate and its creditors and stakeholders. Therefore, the Motion should be approved.

## NOTICE

The Trustee has provided notice of the Motion to (1) the Office of the United States Trustee; (ii) all entities known to the Trustee to have asserted any lien, claim, interest (as those terms are defined in the Bankruptcy Code) or other obligation in or upon the Assets that may be the subject of any particular Sale; and (iii) those parties requesting notice pursuant to Rule 2002.

Section 102(1) of the Bankruptcy Code defines "after notice and a hearing" to mean "after such notice as is appropriate in the particular circumstances." The Trustee believes notice of the Motion satisfies this requirement.

WHEREFORE, the Trustee requests that the Court enter an Order in substantially the same form as that annexed hereto as Exhibit "B":

(A)    approving the Motion in its entirety;

(B)    authorizing and approving the Sale Procedures;

(C)    authorizing and approving the Sales of Assets;

(D)    authorizing and approving the Sale Notice;

(E)    authorizing the Trustee to consummate all transactions related to the foregoing;

(F)    waiving the ten (10) day stay provided for in Bankruptcy Rule 6004(h); and

(G)    providing such other relief as the Court deems proper and just.

DATED: September 14, 2017

                _____/s/_____
                ADAM HOOVER, Trustee
                P.O. Box 24342
                Christiansted, VI 00820
                Telephone (340) 643-8001
                ahoover@attglobal.net